AGEE, Circuit Judge,
concurring in part, dissenting in part, and concurring in the judgment:
I agree with the majority opinion that Carolina Payday fails to satisfy the requirements of 28 U.S.C. § 1332(d)(2)(A) on the basis of its dual citizenship. As in the companion case decided today, Johnson v. Advance America, Cash Advance Centers of South Carolina, Inc., 549 F.3d 932 (4th Cir.2008), I write separately because I respectfully disagree with the conclusion in the majority opinion that the language of the Complaint has limited the classes of plaintiffs to only citizens of South Carolina as of the time the Complaint was filed. Nonetheless, I concur in the judgment of the majority because Carolina Payday failed to meet its burden of proof to establish the citizenship of any plaintiff in a state other than South Carolina.
The Complaint sets out three classes of plaintiffs as follows:
Injunctive Relief Class: All citizens of South Carolina who borrowed money from Defendant in the three years preceding the filing of the complaint or who will borrow money from Defendant in the future.
Damages Subclass One: All citizens of South Carolina who borrowed money from Defendant in the three years preceding the filing of this complaint whose monthly obligations exceeded 55% of their gross monthly income.
Damages Subclass Two: All citizens of South Carolina who renewed a loan with *945 Defendant by repaying only the interest and received a new loan.
(J.A. 12-13).
Carolina Payday contends that these class definitions “may reasonably be read as including, in addition to current South Carolina residents, any individual who was a South Carolina citizen at the time he or she borrowed money ... but who at the time of removal was a citizen of a different state.” (Br. Appellant 20.) As in Advance America, the majority finds this argument unpersuasive based on its reading of the classes as defined in the Complaint. The majority opinion reasons that “if one of Carolina Payday’s customers had in fact established a domicile outside of South Carolina before the action was commenced, the customer would not be a ‘citizen of South Carolina’ and therefore not a member of the proposed class.” Supra at 942-43. For the reasons stated in my separate opinion in Advance America, I disagree.
As with the definitions of Damages Subclass One and Damages Subclass Two in Advance America, membership in the proposed classes of plaintiffs in this case is not defined in the present tense but in the past tense. The definitions of the proposed classes in the Complaint do not limit their members to those persons who are citizens of South Carolina at the time the complaint was filed. Instead, members of the respective classes are those persons who either “borrowed money from the Defendant” or “renewed” a loan while South Carolina citizens. Thus, to be a member of the classes, a person need only have borrowed from Carolina Payday over the last three years, or renewed a loan, while a South Carolina citizen. The failure of the Complaint to place a certain temporal requirement on class membership leaves open the potential membership to persons who were not South Carolina citizens when the Complaint was filed, even though they were South Carolina citizens when their transactions with Carolina Payday took place. If such persons with other than South Carolina citizenship do exist in fact, then the minimal diversity requirements enunciated in CAFA would be met and jurisdiction in the district court would be established. 28 U.S.C. § 1332(d)(2) (2006).
Nevertheless, I concur with the judgment in this case because Carolina Payday has failed in its burden of proof. See Strawn v. AT & T Mobility LLC, 530 F.3d 293, 298 (4th Cir.2008) (“[T]he party seeking to invoke federal jurisdiction must ... demonstrate the basis for federal jurisdiction.”). Carolina Payday’s “evidence” to meet its burden of proof for removal is simply the naked statement in an affidavit that “One or more customers of Carolina Payday entered into loan agreements with Carolina Payday while citizens of South Carolina but are now citizens of other states.”[3] (J.A. 34) (emphasis added). Such an allegation proves nothing as Carolina Payday failed to show any of its customers who are potential class members under the Complaint did anything other than change residence. “[Sjtate citizenship for purposes of diversity jurisdic *946 tion depends not on residence, but on national citizenship and domicile, and the existence of such citizenship cannot be inferred from allegations of mere residence, standing alone.” Axel Johnson, Inc. v. Carroll Carolina Oil Co., 145 F.3d 660, 663 (4th Cir.1998) (internal citations omitted).
Thus, Carolina Payday fails as a matter of law to meet its burden of proof to show any potential plaintiff was a citizen of any state other than South Carolina. Accordingly, even though I disagree with the majority’s conclusion that the Complaint’s definition of the classes limits their membership to citizens of South Carolina at the time the Complaint was filed, Carolina Payday has failed to show any non South Carolina citizen actually exists. I thus concur in the judgment of the majority because Carolina Payday has failed to demonstrate the existence of federal jurisdiction under 28 U.S.C. § 1332(d)(2).

. Carolina Payday’s affidavits in this case are no more persuasive than those submitted in Advance America. There, Advance America proffered exhibits to its affidavit identifying the customers whose residence had changed. Here, Carolina Payday does not identify a single customer it alleges changed citizenship. Moreover, in a second affidavit, Carolina Payday's affiant merely alleges that "[njumerous customers ... now reside in states outside of South Carolina.” (J.A. 39) (emphasis added). In short, Carolina Payday’s affidavits are con-clusory and fail to provide any basis for the assertion that any of its customers changed citizenship. Such conclusory assertions need not be accorded any evidentiary weight. See McHone v. Polk, 392 F.3d 691, 703-04 (4th Cir.2004).